# Wade D. McCann
## Attorney at Law

32437 Five Mile Rd
Livonia, MI 48154
Phone (313) 645-4350
Fax (734) 421-0306
Email: wademccann@yahoo.com
Website: www.attorneywademccann.com

September 15, 2022

Attorney Adriana Dydell
U.S. Dept. Of Justice
Chief of Forfeiture and Financial Litigation Unit
211 W. Fort Street, Suite 2001
Detroit, MI 48226

Re: Release of seized property belonging to **Mr. Louis Bitoff,** pursuant to 18USC § 983(f)(2)

Dear Ms. Dydell:

Please consider this correspondence to be a formal request for the release of all property seized from Louis Bitoff, including bank accounts, one of which is a joint account with his wife, Bonnie Bitoff. Currently, there is no civil or criminal case pending against Louis Bitoff and his property must be returned.

On August 4, 2020, warrants were served on J.P. Morgan Chase, and Capital One to seize the accounts at those banks. The account at J.P. Morgan Chase is a joint account with Louis Bitoff's wife, Bonnie Bitoff. Further liens were placed against the real property in which Louis Bitoff was an owner or partial owner.

On September 23, 2020 Louis Bitoff was indicted. On May 24, 2022, that indictment was dismissed.

18 USC § 983 (a)(3)(A) states as follows:

(3)

(A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

(B) If the Government does not-

(i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or

(ii) before the time for filing a complaint has expired-

(I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and

(II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,

**the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.**

The Notice of Seizure was sent to Louis Bitoff, on October 1, 2020 and according to the statute quoted above, within 90 days or by December 29, 2020, the civil complaint was to be filed. The civil complaint has never been filed.

Under 18 USC § 983 (a)(3)(C) your office in lieu of filing the civil forfeiture complaint elected to include the forfeiture in the criminal indictment. Under 18 USC § 983 (a)(3)(C) if criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

18 USC § 982 governs criminal forfeiture. Under this statute the Defendant, in order to forfeit property, must be convicted. Mr. Bitoff was not convicted and the property seized must be immediately returned.

On May 24, 2022, the indictment against Mr. Bitoff was dismissed, including the forfeiture provisions of the indictment. Nearly 4 months have passed since the indictment was dismissed and no civil complaint has been filed.

As stated, the warrant for seizure of Mr. Bitoff's property was issued August 4, 2020. It is now, September 2022. It has been more than 2 years, after the property was seized and no civil complaint has been filed. The criminal indictment was dismissed May 24, 2022. It has been more than 90 days since the criminal indictment was dismissed and the time for filing the civil complaint would have been in August 2022. As quoted above, "not later than 90 days after a claim has been filed the government shall file a civil complaint for forfeiture." "Shall" means mandatory." Giving the government the benefit of the doubt, we shall assume that the 90 day period commenced with the Order of Dismissal. Again the 90 days has come and gone and no civil complaint has been filed.

18 USC § 983(f)(2) states that: "A claimant (Louis Bitoff) seeking release of property under this subsection must request possession of the property from the appropriate official and the request must set forth the basis on which the requirements of paragraph (1) are met." Mr. Bitoff clearly has a possessory interest in the property seized by the government. He is approximately 76 years old and married. Mr. Bitoff, suffers from dementia caused by Lewy Body disease. He lives in Farmington Hills, Michigan, and because of his condition he has strong ties to the community in order to seek care and medical treatment.

At the time of the seizure there was $ 194,546.74 in the J.P. Morgan Chase account and $132,713.07 in the Capital One account. This is a substantial amount of money and the continued possession of this money by the government, is causing Mr. Bitoff to sustain a substantial hardship. This hardship incurred by Mr. Bitoff, because of the continued seizure of his property and the loss of the use of these seized funds, outweighs the risk that the property will be damaged, destroyed, lost, concealed or transferred.

Since May 24, 2022, there has been no basis for the government to hold and possess Mr. Bitoff's property. Under separate cover we have written you regarding Mrs. Bonnie Bitoff's claim for a joint bank account. All Property seized from the Bitoff's must be returned forthwith.

Yours truly,

Wade D. McCann