UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LOUIS BITOFF,

    Defendant.
_____/

Case No. 2:22-mc-51648
District Judge Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION**[1]
**TO DENY THE PETITION FOR RETURN OF**
**FORFEITED PROPERTY WITHOUT PREJUDICE (ECF No. 1)**[2]

I.    Introduction

This is a miscellaneous action seeking the return of forfeited property in a related criminal case. Bonnie Bitoff (Bonnie) is petitioning for the return of property that the government seized in August 2020, during its criminal

---

[1] The undersigned proceeds by report and recommendation because "this is a case-dispositive motion; in other words, if the Court were to grant the motion, and return the funds at issue, the case would be concluded." *United States v. $18,312.00 in U.S. Currency*, 839 F. Supp. 2d 936, 937 (S.D. Ohio 2011).

[2] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2). Further, a notice of determination without oral argument was filed. (ECF No. 5).

1

investigation and prosecution of her husband, Louis Bitoff (Louis).[3]

Under 28 U.S.C. § 636(b)(1), the petition was referred to the undersigned. (ECF No. 2). For the reasons stated below, it is RECOMMENDED that the petition for the return of forfeited property be DENIED WITHOUT PREJUDICE.

## II.   Background

The forfeited property at issue is funds from two bank accounts: a Chase account that contained $194,546.74 and a Capital One account that contained $132,713.07. (ECF No. 1, PageID.2). The Chase account was a joint account under the names of both Bonnie and Louis. (ECF No. 1-1, PageID.4; ECF No. 1-2, PageID.7).

The funds were seized sometime in August 2020, and on September 23, 2020, Louis was indicted for Medicare fraud. (ECF No. 1-1, PageID.4; ECF No. 1-2, PageID.8; ECF No. 4-3). The government included the forfeiture provisions in the indictment, rather than filing a separate civil forfeiture complaint. (ECF No. 1-1, PageID.4). In May 2022, Louis was found incompetent to stand trial,[4] and the indictment against him was dismissed on May 24, 2022. (*Id.*, PageID.6).

On September 15, 2022, both Bonnie and Louis sent letters to the

---

[3] The undersigned refers to the Bitoffs using their first names because they share the same last name.

[4] Louis is approximately 76 years old and suffers from Lewy body dementia. (ECF No. 1-1, PageID.6).

government requesting the return of the seized funds. (ECF No. 1-1; ECF No. 1-2). Louis requested the return of the funds from both accounts, (ECF No. 1-1), while Bonnie only requested the return of the funds from the couple's joint Chase account, (ECF No. 1-2).

After receiving no response to their letters, on November 2, 2022, Bonnie filed the instant petition. (ECF No. 1, PageID.3). Approximately two weeks later, on November 15, 2022, the government filed a civil forfeiture complaint against the same two bank accounts and other assets. *United States v. Currency $132,713.07 in Funds Seized From Bank Account XXXX9186 Held in the Name of Louis Bitoff at Capital One Bank, Richmond VA, et al.*, Case No. 2:22-cv-12774.

After filing the forfeiture complaint, the government filed a response to the instant petition. (ECF No. 4). Bonnie did not file a reply.

### III. Legal Standard

As preliminary matter, Bonnie's petition for the return of forfeited property is more appropriately construed as a motion for the return of her property under Federal Rule of Criminal Procedure 41(g).[5] *See In re the Premises Known and Described as 100 Sweeneydale Ave., Bayshore*, No. 14–MC–1179, 2015 WL 3607572, at *6 (E.D.N.Y. June 6, 2015) ("Although the Petitioners do not refer to

---

[5] Many cases refer to Rule 41(e) rather than 41(g), but as the Second Circuit has explained, the subsection move did not involve "substantive change." *De Almeida v. United States*, 459 F.3d 377, 380 n. 2 (2d Cir. 2006).

3

Fed.R.Crim.P. 41(g) in their original motion, the Court will construe their motion for the return of their property as one made under Rule 41(g).").

> Rule 41(g) provides:
>
> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). "A district court's decision to exercise jurisdiction over a Rule 41([g]) motion should be governed by equitable principles, and it should be exercised with caution and restraint." *$8,050.00 in U.S. Currency v. United States*, 307 F. Supp. 2d 922, 925 (N.D. Ohio 2004). To prevail in an equitable action under Rule 41(g), the "movant must show that [she] will suffer irreparable harm and that there is no adequate remedy at law." *Id*.

When deciding a Rule 41(g) motion, a court considers the following four factors:

> (1) whether the [g]overnment displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property [she] wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of [her] grievance.

*In re Search of 32900 Five Mile Rd., Livonia, MI 48154*, No. 13-50293, 2015 WL 3742589, at *4 (E.D. Mich. June 15, 2015) (quoting *Ramsden v. United States*, 2

4

F.3d 322, 325 (9th Cir. 1993)). "If an adequate remedy at law exists, the fourth factor is dispositive: a movant is not entitled to equitable relief, and a court must decline to exercise jurisdiction." *In re Seizure of $100,622.44 in U.S. Currency*, No. 19-mc-51236, 2019 WL 6776031, at *2 (E.D. Mich. Dec. 12, 2019) (citing *Brown v. United States*, 692 F.3d 550, 552 (6th Cir. 2012) and *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989)).

## IV. Discussion

### A.

Bonnie argues that under 18 U.S.C. § 983(f)(2), the government was required to return the Bitoffs' property after the criminal indictment against Louis was dismissed. (ECF No. 1, PageID.2). The government argues that § 983(f) does not apply where, as here, the seized property falls under the category of "contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized[.]" 18 U.S.C. § 983(f)(8)(A). The government also argues that "[t]he proper forum for timeliness or other invalidity-of-forfeiture arguments is with a motion to dismiss the civil complaint." (*Id.*, PageID.19).

### B.

A threshold issue is whether Bonnie can continue to challenge the

government's seizure of the property in this miscellaneous action or if, as the government contends, she must raise such a challenge in the government's civil forfeiture action even though she filed the instant petition first. As will be explained, the government is correct.

In *$8,050.00 in U.S. Currency*, the district court considered whether it could determine the validity of a forfeiture in the context of the movant's Rule 41(e) (now 41(g)) motion even though the government had since instituted an administrative forfeiture procedure. 307 F. Supp. 2d at 926. The district court noted that the motion "was entirely proper" because it was filed before the government instituted an administrative forfeiture procedure. *Id*. The movant argued that he had "no adequate remedy at law to seek the return of his property." *Id*. (internal quotation marks and record citation omitted). Thus, the district court had to determine whether the movant "[could] show that his remedy at law [was] inadequate and that he [was] suffering irreparable harm." *Id*.

In order to make this determination, the district court looked to the "instructive" case of *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989). The district court explained that

> [i]n *Shaw*, a woman (Katherine Ann Shaw) was on board a plane at the Memphis Airport when federal agents seized $45,008 from her. Although no criminal charges were brought against her, she filed a Criminal Rule 41(e) motion for return of her property. It was not until after the district court issued an order requiring the government to show cause why her property should not be returned, that the government

6

> instituted civil forfeiture proceedings against the seized property under 21 U.S.C. § 881. The district court then denied Shaw's motion for return of property on the grounds that there was an adequate remedy at law which she failed to pursue. Because she had an adequate remedy at law, the equitable remedy of Rule 41(e) was not available to her.
>
> The Sixth Circuit affirmed this ruling, citing three circuits which held that a claimant may not use Rule 41(e) to bypass the statutory procedures where the government had brought civil forfeiture actions. *Shaw*, 891 F.2d at 603 (citing *United States v. United States Currency*, 851 F.2d 1231 (9th Cir. 1988); *In re Harper*, 835 F.2d 1273 (8th Cir. 1988); *In re Seizure Warrant*, 830 F.2d 372 (D.C. Cir. 1987)). The Sixth Circuit determined that once the government initiated civil proceedings, Shaw was required to follow the statutory procedures. The Sixth Circuit found that Shaw ignored those procedures, seeking instead to use the equitable remedy of Rule 41(e) rather than pursuing her legal remedy, and concluded, "Under standard equity doctrine, where there is an adequate remedy at law it must be pursued." *Shaw*, 891 F.2d at 603. In so holding, the Sixth Circuit distinguished Shaw from *Floyd v. United States*, 860 F.2d 999 (10th Cir. 1988), a case in which the Tenth Circuit affirmed a district court's decision to exercise jurisdiction over a Rule 41(e) motion where the government failed to institute civil forfeiture proceedings until after that court held a hearing and ruled on that motion. *Shaw*, 891 F.2d at 603–04.

*$8,050.00 in U.S. Currency*, 307 F. Supp. 2d at 926-927 (cleaned up). Based on its reading of *Shaw*, the district court found the movant's argument that his motion should be considered on the merits "because he filed the Rule 41(e) Motion *first*" held "no weight in light of *Shaw*." *Id*. at 927. (emphasis in original); *see also Mercedes Benz of St. Clair Shores v. Drug Enforcement Admin.*, No. 19-11954, 2019 WL 6877889, at *3 (E.D. Mich. Dec. 17, 2019) ("Further, it does not matter in this analysis that Plaintiff filed its case before the government initiated the [Civil Asset Forfeiture Reform Act of 2000] proceedings.").

Here, Bonnie has not argued that her remedy at law is inadequate or that she would suffer irreparable harm by having her arguments regarding the allegedly improper forfeiture heard in the context of the government's civil forfeiture case. Additionally, the same district judge has been assigned to both this case and the civil forfeiture case.  Ultimately, "[g]iven the comprehensive administrative procedures set forth at 18 U.S.C. § 983 for the return of property seized by the [g]overnment . . . and the lack of any argument or citation of case law explaining why these procedures are inadequate, the Court can only conclude that [the movant] has failed to show that his administrative remedy is inadequate." *$8,050.00 in U.S. Currency*, 307 F. Supp. 2d at 927; *see also ASHH, Inc. v. United States*, No. 21-11210, 2022 WL 2308390, at *7 (E.D. Mich. June 27, 2022) ("In summary, Plaintiff cannot advance its equitable claims while it has an adequate remedy at law.  It cannot flout the statutory procedures that Congress intended to govern these circumstances—*Shaw* is controlling here.") (internal footnote omitted).

Therefore, the petition should be denied without prejudice to Bonnie's right to challenge the forfeiture within the confines of the civil forfeiture case.  *See Abernathy v. Kral*, 305 F. Supp. 3d 795, 797 (N.D. Ohio 2018) ("I dismiss plaintiff's motions for return of property without prejudice to his rights to challenge the seizure in the pending civil forfeiture action.").

V.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that the petition be DENIED WITHOUT PREJUDICE.

Dated: March 21, 2023                        s/Kimberly G. Altman
Detroit, Michigan                            KIMBERLY G. ALTMAN
                                                  United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Isaac v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

9

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2023.

            s/Carolyn M. Ciesla
            CAROLYN M. CIESLA
            Case Manager